**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4951

RONNIE LEWIS GIBSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-97-42-F)

Argued: December 4, 1998

Decided: January 11, 1999

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
HERLONG, United States District Judge for the District of
South Carolina, sitting by designation.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert Lonnie Cooper, COOPER, DAVIS & COOPER,
Fayetteville, North Carolina, for Appellant. Thomas B. Murphy,
Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lee. **ON BRIEF:** Janice McKenzie Cole, United States Attorney,
Anne M. Hayes, Assistant United States Attorney, Raleigh, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ronnie Lewis Gibson pleaded guilty to conspiracy to make, utter, and possess a forged security with the intent to deceive another person or organization in violation of 18 U.S.C.A.§ 513(a) (West Supp. 1998) and was sentenced to 51 months imprisonment. On appeal, Gibson argues that the district court erred in departing upward from criminal history category V to criminal history category VI. Finding that Gibson knowingly waived his right to appeal his sentence in his plea agreement, we dismiss his appeal.

I.

While on probation for forgery and uttering, Ronnie Lewis Gibson defrauded numerous victims of over $114,000. In particular, Gibson either stole or forged business checks, and then cashed those checks using false identification cards that he produced on an official drivers license camera stolen from the North Carolina Department of Motor Vehicles. In addition, Gibson opened fraudulent business checking accounts, passed bad checks drawn from those accounts, and recruited others to cash the fraudulent or stolen checks while using fictitious identification cards that he provided.

On March 18, 1997, Gibson was indicted by a federal grand jury on one count of conspiracy to make, utter, and possess a forged security with the intent to deceive another person or organization in violation of 18 U.S.C.A. § 513(a) (West Supp. 1998). On July 7, 1997, Gibson pleaded guilty to the sole count of the indictment.* During the Rule 11 hearing, the district court determined that Gibson was competent to plead guilty. The district court also determined that Gibson had received a copy of the indictment, discussed it with his attorney,

_____

*Pursuant to his plea agreement, Gibson waived his right to appeal.

2

understood his right to a jury trial and the consequences of pleading guilty, and that he was satisfied with the performance of his attorney. Of particular importance here, the district court also specifically advised Gibson that he had waived "all right to appeal whatever sentence is imposed." (Hearing Transcript (H.T.) at 17.)

On November 10, 1997, Gibson was sentenced pursuant to the fraud guideline. See U.S. Sentencing Guidelines Manual § 2F1.1 (1997). Due to the amount of money involved, Gibson's base offense level was set at twelve. See U.S.S.G. § 2F1.1(a) & (b)(1)(G). Because the offense involved more than minimal planning, Gibson's base offense level was increased an additional two levels. See U.S.S.G. § 2F1.1(b)(2)(A) & (B). In addition, because Gibson was an organizer and leader of a criminal conspiracy involving more than five participants, his base offense level was increased an additional four levels. See U.S.S.G. § 3B1.1(a). Finally, because Gibson accepted responsibility for the instant offense, his base offense level was reduced by three levels. See U.S.S.G. § 3E1.1. With an adjusted offense level of 15 and a criminal history category of V, Gibson's guideline range was 37-46 months. See U.S.S.G. Ch.5, Pt.A.

Believing that Gibson's criminal history category did not adequately reflect either the seriousness of Gibson's past criminal history or the likelihood that he would commit further crimes, the district court determined that an upward departure from criminal history category V to criminal history category VI was warranted. See U.S.S.G. § 4A1.3. With an adjusted offense level of 15 and a criminal history category of VI, Gibson's guideline range was 41-51 months. See U.S.S.G. Ch.5, Pt.A. The district court then sentenced Gibson to 51 months imprisonment. After sentencing, the district court advised Gibson of his appellate rights. This appeal followed.

II.

On appeal, Gibson argues that the district court erred in departing upward from criminal history category V to criminal history category VI. Although Gibson concedes that he waived his right to appeal his sentence in his plea agreement, he contends, based on a decision of the Ninth Circuit, see United States v. Buchanan , 59 F.3d 914 (9th Cir. 1995), and a dissent in an unpublished opinion from this Court,

3

see United States v. One Male Juvenile, 117 F.3d 1415 (4th Cir. 1997) (unpublished), cert. denied, 118 S. Ct. 1191 (1998), that the district court's statement during the sentencing hearing that he could appeal his sentence overrides his waiver of his right to appeal in the plea agreement. Specifically, Gibson argues that where there is a conflict between what the district court orally pronounces in open court and what is written in a plea agreement, the oral pronouncement creates a reasonable expectation and, therefore, is controlling. For the reasons that follow, we disagree with Gibson's argument.

It is well established that a waiver of a criminal defendant's right to appeal contained in a valid plea agreement "is enforceable against the defendant so long as it is `the result of a knowing and intelligent decision to forgo the right to appeal.'" United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994) (quoting United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991)). In determining whether a defendant's waiver is "knowing and intelligent," we consider "the particular facts and circumstances surrounding [the] case, including the background, experience and conduct of the accused." United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992) (internal quotation marks omitted).

Considering the particular facts and circumstances of this case, we conclude that Gibson's waiver of his right to appeal his sentence, as contained in the plea agreement, was knowing and intelligent. During the Rule 11 colloquy, the district court specifically questioned Gibson about his decision to waive his right to appeal. Gibson stated that he understood the consequences of the plea agreement, and he reaffirmed his decision to plead guilty. Gibson was represented by counsel during the hearing, and there is no evidence that he was incapable of understanding the consequences of his decision.

Gibson argues, however, that the district court's subsequent oral pronouncement during sentencing nullified the earlier waiver, such that it was no longer knowing and intelligent. At sentencing, the district court advised Gibson of his appellate rights as follows:

> You can appeal your conviction, Mr. Gibson, if you believe that your guilty plea was somehow unlawful or involuntary, or if there is some other fundamental defect in the proceedings that was not waived by your guilty plea. You also have

4

> a statutory right to appeal your sentence under certain cir-
> cumstances, particularly if you think the sentence is contrary
> to law.
>
> However, a defendant may waive those rights as part of a
> plea agreement, and you have entered into a plea agreement
> which waives some or all of your rights to appeal the sen-
> tence itself. Such waivers are generally enforceable, but if
> you believe the waiver is unenforceable, you can present
> that theory to the appellate court.

(J.A. at 23-24.) At no point during sentencing did the district court inform Gibson that he could appeal as a right. Rather, the district court simply informed Gibson that he could appeal if his guilty plea was involuntary or if his sentence was contrary to law. Although a general waiver of the right to appeal is valid, it is well established that such a waiver does not preclude a defendant from arguing on appeal that his sentence was contrary to law, e.g., imposed in excess of the maximum penalty provided by statute, see United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992), or was involuntary, see United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Thus, the district court's statement concerning Gibson's rights to appeal was simply a correct statement of the law. In fact, the district court explicitly informed Gibson that he had entered into a plea agreement that waived his right to appeal, and that such waivers are generally enforceable. Indeed, a general waiver precludes the very type of claim raised by Gibson in his appeal: that the district court improperly applied the sentencing guidelines when imposing sentence. See Attar, 38 F.3d at 732. Because Gibson knowingly and intelligently waived his right to appeal, the waiver must be enforced.

In any event, even had the district court erroneously stated during sentencing that Gibson had a right to appeal his sentence, such a state-ment would not nullify the valid waiver contained in his plea agree-ment. As support for his theory, Gibson relies principally on the Ninth Circuit's decision in Buchanan, 59 F.3d 914 (9th Cir. 1995), and on the dissent in One Male Juvenile, 117 F.3d at 1415. In Buchanan, the defendant entered into a plea agreement in which he waived his right to appeal his sentence. See id. at 916. He subsequently confirmed that he understood both the plea agreement and its consequences during

5

the Rule 11 hearing. <u>See id.</u> When the defendant later appeared for sentencing, however, the district court erroneously told the defendant that he "could appeal the sentencing findings." <u>Id.</u> On appeal, the Ninth Circuit concluded that the defendant's waiver of his right to appeal, albeit entered into knowingly and intelligently, was unenforceable because of the subsequent erroneous statements by the district court to the effect that the defendant had a right to appeal. <u>See id.</u> at 917-18.

Over a dissent, this Court recently rejected the Ninth Circuit's analysis:

> We are not persuaded by the holding in <u>Buchanan</u> that a waiver of a right to appeal contained in a plea agreement that has been entered into knowingly and intelligently may be held unenforceable because of subsequent erroneous and apparently inadvertent statements by the district court to the effect that the defendant has a right to appeal. Once a defendant has knowingly and intelligently waived his right to appeal and that waiver is confirmed during a Rule 11 hearing, the requirements for an effective waiver of appeal have been satisfied, and the waiver should be enforced. <u>See Attar</u>, 38 F.3d at 731; <u>Marin</u>, 961 F.2d at 496. To hold otherwise ignores the purpose and implication of a Rule 11 hearing, which is to establish, on the record, the knowing and intelligent nature of each guilty plea. <u>See United States v. Taylor</u>, 984 F.2d 618, 621 (4th Cir. 1993). Therefore, we disagree with the Ninth Circuit and hold that once an appeal waiver is established to be knowing and intelligent pursuant to Rule 11, the waiver may not be held unenforceable because of a district court's erroneous statements at a subsequent proceeding that the defendant has a right to appeal.

<u>One Male Juvenile</u>, 117 F.3d at 1415 (unpublished). Here, Gibson's appeal waiver was knowing and intelligent. Moreover, that fact was confirmed during a Rule 11 hearing. Accordingly, the appeal waiver should be enforced even if the district court stated at sentencing that Gibson had a right to appeal his sentence.

6

III.

For the foregoing reasons, we will not consider whether the district court erred in departing upward from criminal history category V to criminal history category VI and dismiss this appeal.

<u>DISMISSED</u>

7